
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AURSCANT HUGHEY, | Case No. 09-11372 |
| Plaintiff, | George Caram Steeh |
| vs. | United States District Judge |
| UNITED STATES DISTRICT COURT, | Michael Hluchaniuk |
| EASTERN DISTRICT OF MICHIGAN, | United States Magistrate Judge |
| Defendant. / | |

### REPORT AND RECOMMENDATION
### TO DISMISS PLAINTIFF'S COMPLAINT

**I.   PROCEDURAL HISTORY**

On April 10, 2009, plaintiff filed what he has identified as a "petition" in this court naming the United State District Court for the Eastern District of Michigan as the defendant. (Dkt. 1). No filing fee was paid at the time of the petition being filed and plaintiff has not been authorized to file a suit without payment of normal fees under 28 U.S.C. § 1915. The case was referred to the undersigned for all pretrial purposes on April 14, 2009. (Dkt. 2).

**II.   RELEVANT FACTS**

The *pro se* petition, or complaint, is difficult to comprehend but plaintiff does claim jurisdiction based on 28 U.S.C. § 1361, the federal mandamus statute,

and appears to claim a cause of action that relates to plaintiff's 1988 state conviction, in Michigan, for an arson-related offense. It further appears that plaintiff is still serving the sentence imposed for this offense and that he questions the propriety of an earlier conviction, which somehow impacted the sentence he is currently serving.

### III.   ANALYSIS AND CONCLUSION

A *pro se* litigant's complaint is to be construed liberally. *Dekoven v. Bell,* 140 F.Supp.2d 748, 754 (E.D. Mich. 2001), citing, *Middleton v. McGinnis,* 860 F.Supp. 391, 392 (E.D. Mich. 1994); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 740 (1976). Further, "because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this Court may not treat lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face." *Dekoven,* 140 F.Supp.2d at 754. Thus, every complaint is "entitled to a thorough review to determine whether it has merit and states a federally cognizable claim." *Id.* However, this liberal, or indulgent, construction of a *pro se* litigants pleadings has limits and courts are not authorized to divine causes of

action that are not reasonably stated or suggested by the pleadings. *See e.g.* *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("*pro se* plaintiffs are not automatically entitled to take every case to trial ... [and] the lenient treatment generally accorded to *pro se* litigants has limits."); *Moore v. Michigan*, 2008 WL 724151 (W.D. Mich. 2008) ("It is not the obligation of the Court to dissect Plaintiff's complaint to divine who Plaintiff believes committed certain actions."); *Gardner v. Williams*, 2006 WL 1547779 (E.D. Mich. 2006) ("Although a *pro se* complaint should be liberally construed, this does not mandate this Court to sustain a pro se complaint which is incoherent, rambling, and unreadable."). In the present case, plaintiff invokes the jurisdiction of the Court under the mandamus statute, 28 U.S.C. § 1361, for the apparent purpose of correcting a perceived wrong he vaguely associates with his 1988 conviction and sentence in the Michigan courts for an arson-related offense.

The federal mandamus statute, 28 U.S.C. § 1361, confers jurisdiction on the federal court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  In order to demonstrate an entitlement to mandamus relief, "a plaintiff must show it has exhausted all other avenues of relief, and that the defendant owes the plaintiff a 'clear nondiscretionary duty.'" *BP Care, Inc. v. Thompson*, 398 F.3d 503, 514-15 (6th

Cir. 2005). The complaint does not, even if liberally construed, allege the existence of a clear nondiscretionary duty owed to the plaintiff by the United States District Court for the Eastern District of Michigan.

Title 28 U.S.C. § 1915 is "meant to ensure indigent litigants meaningful access to federal courts and applies to both non-prisoner plaintiffs and to plaintiffs who are incarcerated." *Price v. Heyrman*, 2007 WL 188971, *1 (E.D. Wis. 2007) (internal citations omitted), citing, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997), overruled on other grounds by *Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."); *see also Stefanski v. Kammeyer*, 2008 WL 2062775, *1 (N.D. Ind. 2008) (same). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may screen the complaint before service on the defendants, and *must* dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim on which relief may be granted. *Price*, at *1, citing, *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court is authorized to dismiss a claim as frivolous where "it is based on an indisputably

meritless legal theory or where the factual contentions are clearly baseless." *Price*, at *1, citing, *Neitzke*, 490 U.S. at 327.

To undertake this review of plaintiff's complaint, the Court need not initially consider whether plaintiff is entitled to *in forma pauperis* status because district courts "may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status." *Price*, at *1, citing, *Rowe*, 196 F.3d at 783. Moreover, a district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), citing, *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.).

After a thorough and careful review of plaintiff's complaint, taking all allegations as true and construing them liberally, the undersigned is unable to discern any cognizable cause of action over which this Court might have jurisdiction under 28 U.S.C. § 1361. Plaintiff has not identified or reasonably suggested that this district court clearly owes him a non-discretionary duty of any

kind. Thus, the undersigned suggests that this matter be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

If plaintiff is seeking relief in federal court relating to the length of his state custody, he must generally seek such relief pursuant to 28 U.S.C. § 2254. "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).[1]

IV. **RECOMMENDATION**

Based on the foregoing, it is **RECOMMENDED** that this matter be **DISMISSED** for failure to state a claim and want of jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service,

---

[1] Pointing out a potential federal jurisdictional basis for what plaintiff is apparently seeking in the present cause of action should not be viewed as an endorsement that plaintiff has a proper claim to assert under 28 U.S.C. § 2254 because there are a number of requirements that must be met before such a claim would be accepted by a federal court. The reference to an alternate section of the federal code is merely intended to reinforce the conclusion that the court lacks jurisdiction to grant relief to plaintiff under the mandamus statute.

as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: April 16, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on April 16 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: not applicable, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Aurscant Hughey, # 126443, COOPER STREET CORRECTIONAL FACILITY, 3100 Cooper Street, Jackson, MI 49201.

                                                s/James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church Street
                                                Flint, MI 48502
                                                (810) 341-7850
                                                pete_peltier@mied.uscourts.gov